TARA K. McGRATH
United States Attorney
A. DALE BLANKENSHIP
JONATHAN I. SHAPIRO
Assistant United States Attorneys
California Bar No. 235960/268954
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-6705/8225
Email: dale.blankenship@usdoj.gov
Email: jonathan.shapiro@usdoj.gov

Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHAEL SEAN TRIPPE (1),<br>  aka "Thumper,"<br><br>          Defendant. | Case No. 22CR1241-RSH<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, TARA K. McGRATH, United States Attorney, and A. Dale Blankenship and Jonathan I. Shapiro, Assistant United States Attorneys, and Defendant MICHAEL SEAN TRIPPE, aka "Thumper," with the advice and consent of Isaac Blumberg, Esq., and Matthew C. Binninger, Esq., counsel for Defendant, as follows:

**I**

**THE PLEA**

Defendant agrees to plead guilty to Count 2 of the Indictment filed in criminal case 22CR1241-RSH, Assault with a Dangerous Weapon in Aid of Racketeering Activity, Title 18, United States Code, Section 1959(a)(3). [ECF DKT 1.]

Def. Initials _M._

Plea Agreement

1    Defendant agrees that, following entry of Defendant's guilty plea,
2 the Government need not hold or preserve any evidence seized in
3 connection with this case. For any controlled substance seized in
4 connection with this case, Defendant agrees that, following entry of
5 Defendant's guilty plea, the Government may destroy the controlled
6 substance 30 days after the Government has provided Defendant with the
7 laboratory analysis report. If Defendant believes that additional
8 testing is needed, Defendant will arrange for and complete such testing
9 within that 30-day period, unless that period is extended by joint
10 written agreement or Court order, in which case the Government shall
11 preserve the controlled substance for the agreed-upon or judicially
12 mandated period. If the court has issued a preservation order in
13 connection with any seized evidence, Defendant will request that the
14 Court lift or revoke the preservation order following entry of
15 Defendant's guilty plea.

16    In addition, Defendant consents to the forfeiture of all properties
17 seized in connection with this case (except as specifically described
18 below), and consents to the entry of an order for restitution to all
19 victims of the offense and all victims of any and all relevant conduct.
20 The forfeiture and restitution are more fully described in Section X
21 below.

22    The United States Attorney's Office for the Southern District of
23 California agrees not to use Defendant's admissions contained in
24 paragraph 3 - 6 of Section B., of this plea agreement, against Defendant
25 to establish a pattern of racketeering activity pursuant to 18 U.S.C.
26 §§ 1961 and 1962, in a prosecution for criminal activity engaged in by
27 Defendant prior to June 3, 2022.

28

2

Def. Initials _____
22CR1241-RSH

1                                   **II**

2                       **NATURE OF THE OFFENSE**

3     A.   ELEMENTS EXPLAINED

4     The offense to which Defendant is pleading guilty has the following

5 elements:

6     **Count 2: Assault with a Dangerous Weapon in Aid of Racketeering**

7     **Activity, Title 18, United States Code, Section 1959(a)(3)**

8     First, on or about December 7, 2020, the charged enterprise existed

9 and was a union or group of individuals associated in fact, which was

10 engaged in, or the activities of which affected, interstate or foreign

11 commerce;

12     Second, the charged enterprise engaged in racketeering activity,

13 as defined in 18 U.S.C. § 1961;

14     Third, the defendant committed the following crime of violence:

15 assault with a dangerous weapon, in violation of California Penal Code,

16 Sections 245(a)(1) and 31, as defined in CALCRIM § 875; and

17     Fourth, the defendant's purpose in committing the assault with a

18 dangerous weapon was to gain entrance to, or to maintain, or to increase

19 his position in the enterprise.

20     The elements for the offense of assault with a deadly weapon in

21 violation of California Penal Code § 245(a)(1) are:

22     First, the defendant did an act wth a deadly weapon other than a

23 firearm, that by its nature would directly and probably result in the

24 application of force to a person;

25     Second, the defendant did that act willfully;

26     Third, when the defendant acted, he was aware of facts that would

27 lead a reasonable person to realize that his act by its nature would

28

Def. Initials
22CR1241-RSH

1    directly and probably result in the application of force to someone;
2    and

3        Fourth, when the defendant acted he had the present ability to
4    apply force with a deadly weapon other than a firearm to a person.

5        B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

6        Defendant has fully discussed the facts of this case with defense
7    counsel. Defendant has committed each element of the crime and admits
8    that there is a factual basis for this guilty plea. The following facts
9    are true and undisputed:

10            1.    On or about December 7, 2020, the charged enterprise
11   existed and affected interstate commerce. For example, the charged
12   enterprise, including its leaders, members and associates, communicated
13   using mobile telephones. The charged enterprise, including its leaders,
14   members, and associates, constituted an enterprise, as that term is
15   defined in Title 18, United States Code, Section 1959(b)(2), that is,
16   a group of individuals associated in fact that engaged in, and the
17   activities of which affected, interstate and foreign commerce. The
18   enterprise constituted an ongoing organization whose members functioned
19   as a continuing unit for the common purpose of achieving the objectives
20   of the enterprise.    At all times relevant to the Indictment, the
21   enterprise operated in the Southern District of California and
22   elsewhere.

23            2.    The charged enterprise engaged in racketeering activity
24   in the following manner:

25            a. Preserving and protecting the power, reputation, and
26               profits of the enterprise through the use of intimidation,
27               threats of violence, and commission of acts of violence;

28

4

Def. Initials _____
22CR1241-RSH

 1           b. Promoting and enhancing the enterprise and the activities
 2              of its members and associates, including, but not limited
 3              to, acts relating to murder, assault, extortion, and other
 4              criminal activities;
 5           c. Keeping victims, potential victims, and members of the
 6              community in fear of the enterprise through the use and
 7              threats of violence;
 8           d. Providing financial support and information to enterprise
 9              leaders, members, and associates, including individuals
10              incarcerated in penal institutions; and
11           e. Hindering, obstructing, and preventing law enforcement
12              officers from identifying participants in the enterprise's
13              criminal activity; from apprehending the perpetrators of
14              those crimes; and from successfully prosecuting and
15              punishing the offenders.
16        3.    Defendant committed the following crime of violence:
17   assault with a deadly weapon, in violation of California Penal Code,
18   Sections 245(a)(1) and 31, as defined in CALCRIM § 875.
19        4.    In furtherance of the assault with a dangerous weapon,
20   on December 7, 2020, Defendant traveled to Fanuel Park, in the Pacific
21   Beach neighborhood of San Diego, California.
22        5.    Upon his arrival at Fanuel Park, Defendant walked toward
23   the center of Fanuel Park where he met Victim and Co-defendant
24   Wenbourne.   At Fanuel Park, Defendant engaged in a verbal altercation
25   with Victim.   During this verbal altercation, Defendant TRIPPE stabbed
26   Victim in the left side of his chest with a dangerous and deadly weapon,
27   nearly stabbing Victim in the heart, causing severe injury to Victim.
28

Def. Initials
22CR1241-RSH

6.   Defendant's purpose in committing the assault with a dangerous weapon was to gain entrance to, or to maintain, or to increase his position in the charged enterprise.

### III

### PENALTIES

The crimes to which Defendant is pleading guilty carry the following penalties:

**Assault with a Dangerous Weapon in Aid of Racketeering Activity, Title 18, United States Code, Section 1959(a)(3).**

A.   a maximum of 20 years in prison;

B.   a maximum $250,000 fine;

C.   a mandatory special assessment of $100 per count;

D.   a term of supervised release of not more than 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release;

E.   forfeiture of all property, real and personal, constituting and derived from proceeds of the offense and all property used and intended to be used to commit or to facilitate the commission of the offense; and

F.   mandatory restitution to the victim(s) of the offense or to the estate of the victim(s) pursuant to 18 U.S.C. § 3663A.

//
//
//
//

Def. Initials
22CR1241-RSH

## IV
### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.    A speedy and public trial by jury;

C.    The assistance of counsel at all stages;

D.    Confront and cross-examine adverse witnesses;

E.    Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.    Not testify or have any adverse inferences drawn from the failure to testify.

## V
### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

7

Def. Initials
22CR1241-RSH

1                               **VI**

## DEFENDANT'S REPRESENTATION THAT GUILTY
## PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.   No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.   Defendant is pleading guilty because Defendant is guilty and for no other reason.

                              **VII**

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

                              **VIII**

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must

Def. Initials _____
22CR1241-RSH

1 consult the United States Sentencing Guidelines (Guidelines) and take
2 them into account. Defendant has discussed the Guidelines with defense
3 counsel and understands that the Guidelines are only advisory, not
4 mandatory. The Court may impose a sentence more severe or less severe
5 than otherwise applicable under the Guidelines, up to the maximum in
6 the statute of conviction. The sentence cannot be determined until a
7 presentence report is prepared by the U.S. Probation Office and defense
8 counsel and the Government have an opportunity to review and challenge
9 the presentence report. Nothing in this plea agreement limits the
10 Government's duty to provide complete and accurate facts to the district
11 court and the U.S. Probation Office.

12 **IX**

13 **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

14     This plea agreement is made pursuant to Federal Rule of Criminal
15 Procedure 11(c)(1)(B). The sentence is within the sole discretion of
16 the sentencing judge who may impose the maximum sentence provided by
17 statute. It is uncertain at this time what Defendant's sentence will
18 be. The Government has not made and will not make any representation
19 about what sentence Defendant will receive. Any estimate of the probable
20 sentence by defense counsel is not a promise and is not binding on the
21 Court. Any recommendation by the Government at sentencing also is not
22 binding on the Court. If the sentencing judge does not follow any of
23 the parties' sentencing recommendations, Defendant will not withdraw
24 the plea.

25 //
26 //
27 //
28

9

Def. Initials
22CR1241-RSH

X

## PARTIES' SENTENCING RECOMMENDATIONS

A.    SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | | |
|---|---|---|---|
| 1. | Base Offense Level<br>[§§ 2E1.3(a)(2), and 2A2.2(a)] | | 14* |
| 2. | Dangerous Weapon[§ 2A2.2(b)(2)(B)] | | +4 |
| 3. | Serious Bodily Injury [§ 2A2.2(b)(3)(D)] | | +4 |
| 4. | Acceptance of Responsibility [§ 3E1.1] | | -3 |
| 5. | Combination of Circs. [§ 5K2.0] | | -2 |
| | Adjusted Offense Level | | 17 |

*If Defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b). Furthermore, Defendant will be ineligible for any role reduction.

B.    ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.    Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

Plea Agreement

10

Def. Initials ___ ___
22CR1241-RSH

2.   Falsely denies prior criminal conduct or convictions;

3.   Is untruthful with the Government, the Court or probation officer; or

4.   Breaches this plea agreement in any way.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend that Defendant be sentenced within the advisory guideline range recommended by the Government. In addition, the Government will recommend that the Defendant be credited for time served in state custody for state charges related to the same offense.

//

//

//

11

Def. Initials
22CR1241-RSH

G.    SPECIAL ASSESSMENT, FINE, FORFEITURE, AND RESTITUTION

1.    Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2.    Fine

The parties will jointly recommend the Court not impose a fine in light of the Defendant's limited ability(ies) to pay and the likelihood of an order for restitution.

3.    Forfeiture

Defendant consents to the forfeiture of all propery(ies) seized in connection with the case except as described herein. As to all other property, Defendant consents to te entry of criminal, civil, and/or administrative forfeiture proceedings, and agrees that by signing this plea agreement he is withdrawing any and all claims and petitions to property directly or indirectly related to the criminal conduct seized in connection with this case in any and all federal forfeiture proceedings. Defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property seized in connection with this case. The United States agrees that the following property seized during a search executed on December 11, 2020, shall not be forfeited by the United States:

Def. Initials
22CR1241-RSH

1.  Black and chrome knife found inside the driver's door of the Nissan Murano
2.  Black leather sheath with "666" on the cover. The sheath contained a black knife. Both items were found in the driver's side door of the Nissan Murano.
3.  Green/Black/Gray jacket found inside garage #3.
4.  Mail found in bin attached to complex building.
5.  Three Red and Black checkered dog sweaters found in the living room of unit 1244.
6.  Nazi army helmet found on the kitchen counter of unit 1244.
7.  Black sheath with knife found in north bedroom of unit 1244. Knife found in east dresser drawer.
8.  Brown Sheath with knife found in north bedroom of unit 1244. Knife found in east dresser drawer.
9.  EDD mail addre sed to Leeanne Trippe found on top of east dresser.
10. Birthday card and jail mail found in north bedroom on west dresser.
11. White I-phone found in north bedroom on east dresser with a photo of Trippe and Leanne.
12. Motorola black cell phone found in north bedroom on west window seal.
13. Black TCL cell phone cell phone found in north bedroom on west window seal.
14. Black tablet with gray back and BLU cell phone found on west nightstand north bedroom.
15. LG gray cell phone found on west nightstand north bedroom.
16. Black leather motorcycle cut found in the closet of north bedroom.
17. $7,039.00 in U.S. currency found in west nightstand of north bedroom.
18. Black sheath with knife in west window seal of north bedroom.
19. Two black knives found in west dresser north bedroom.
20. Green/silver knife found on kitchen counter.
21. Chrome box cutter on kitchen counter.

Defendant agrees and understands that the 21 specifically named items of property are not in the possession of the United States and the state or local law enforcement agency(ies) may take or may have undertaken separate proceedings.  The United States takes no position on any action undertaken by separate government entity(ies) as to those items and Defendant's sole redress is with those entity(ies.)

Def. Initials _____
22CR1241-RSH

1              4.    Restitution

2         The crime set forth in Count 2 to which Defendant is pleading
3    guilty requires the Court to enter an order pursuant to 18 U.S.C. §
4    3663A requiring Defendant make mandatory restitution to the victim(s)
5    of the offense of conviction.    **Imposition of restitution is mandatory.**
6    Defendant further agrees to imposition of restitution for all relevant
7    conduct.   The parties have no agreement on the amount of restitution to
8    be ordered by the Court.

9         The Court may impose restitution of any amount. Defendant agrees
10   that a restitution award in an unanticipated amount is not grounds to
11   withdraw Defendant's guilty plea.   Defendant also agrees that nothing
12   in this plea agreement limits the Government's duty to provide complete
13   and accurate facts to the district court and to the U.S. Probation
14   Office to calculate restitution.

15        Any restitution imposed shall be paid through the Office of the
16   Clerk of the District Court by bank or cashier's check or money order
17   referencing the criminal case number and made payable to the "Clerk,
18   United States District Court."

19        The parties agree that notwithstanding any Court imposed schedule
20   for payment of restitution, the total amount of the restitution shall
21   be due immediately and shall be deemed to be payable forthwith.   Any
22   payment schedule for a fine imposed by the Court establishes only a
23   minimum obligation. Regardless of Defendant's compliance, any payment
24   schedule does not foreclose the United States from exercising all legal
25   actions, remedies, and process available to collect the restitution,
26   including but not limited to remedies pursuant to 18 U.S.C. § 3613.

27

28

                                 14                    Def. Initials
                                                       22CR1241-RSH

The United States may run credit and other financial reports on Defendant using public and non-public databases and share such information with the Court and the U.S. Probation Office. Defendant also authorizes the Internal Revenue Service to transmit to the United States Attorney's Office copies of Defendant's tax returns until the fine and restitution are paid in full and forfeiture judgment fully paid, and Defendant will promptly execute any documents necessary to carry out this authorization.

**Not later than 30 days after execution of the plea agreement, Defendant shall complete and provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's current and projected assets and financial interests valued at more than $1,000.** These include all assets and financial interests in which Defendant has an interest (or had an interest prior to December 7, 2020), direct or indirect, whether held in Defendant's name or in the name of another, in any property, real or personal, including marital and community property. Defendant shall also identify all assets valued at more than $1,000 which have been transferred to any third party since December 7, 2020, including the location of the assets, the identity of the third party or parties, and the amount of consideration received by the Defendant for the transferred assets. Defendant will provide complete, updated financial information promptly upon request.

From the date this plea agreement is executed until the restitution and any fine imposed by the Court are paid in full, Defendant shall notify the Asset Recovery Section, United States Attorney's Office, of (i) any interest in property worth more than $1,000 that Defendant obtains, directly or indirectly, and (ii) at least 30 days before

Def. Initials _____
22CR1241-RSH

1   Defendant transfers any interest in property owned directly or
2   indirectly by Defendant worth over $1,000. This obligation covers any
3   interest in property obtained under any other name or entity, including
4   a trust, partnership or corporation. The parties will jointly recommend
5   that this requirement also be imposed as a condition of supervised
6   release.

7       Defendant shall immediately notify the Asset Recovery Section of
8   the United States Attorney's Office of any material change in
9   Defendant's financial condition.

10      Defendant will make a good faith effort to pay all restitution,
11  fine, and forfeiture ordered by the Court.  Regardless of Defendant's
12  compliance with any payment schedule established by the Court, any
13  payment schedule does not limit the United States' ability to collect
14  additional amounts from Defendant through all available collection
15  remedies at any time.  Defendant waives all demands for payment of the
16  restitution and fine.  Defendant agrees to the entry of the restitution
17  and fine into the Treasury Offset Program ("TOP") and waives all notices
18  of TOP and offsets, and waives all rights to contest TOP offsets.

19      H.   SUPERVISED RELEASE

20      If the Court imposes a term of supervised release, Defendant will
21  not seek to reduce or terminate early the term of supervised release
22  until Defendant has served at least 2/3 of the term of supervised
23  release and has fully paid and satisfied any special assessments, fine,
24  criminal forfeiture judgment, and restitution judgment.

25  //

26  //

27  //

28

16

Def. Initials
22CR1241-RSH

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

If defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

Def. Initials _____
22CR1241-RSH

17

       1.    Failing to plead guilty pursuant to this agreement;

       2.    Failing to fully accept responsibility as established in Section X, paragraph B, above;

       3.    Failing to appear in court;

       4.    Attempting to withdraw the plea;

       5.    Failing to abide by any court order related to this case;

       6.    Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

       7.    Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual

18

Def. Initials _____

22CR1241-RSH

1  basis statement in Section II.B in this agreement; and (iii) any
2  evidence derived from such statements, are admissible against Defendant
3  in any prosecution of, or any action against, Defendant. This includes
4  the prosecution of the charge(s) that is the subject of this plea
5  agreement or any charge(s) that the prosecution agreed to dismiss or
6  not file as part of this agreement, but later pursues because of a
7  breach by the Defendant. Additionally, Defendant knowingly,
8  voluntarily, and intelligently waives any argument that the statements
9  and any evidence derived from the statements should be suppressed,
10 cannot be used by the Government, or are inadmissible under the United
11 States Constitution, any statute, Rule 410 of the Federal Rules of
12 Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and
13 any other federal rule.

14                                **XIII**

15                **CONTENTS AND MODIFICATION OF AGREEMENT**

16      This plea agreement embodies the entire agreement between the
17 parties and supersedes any other agreement, written or oral. No
18 modification of this plea agreement shall be effective unless in writing
19 signed by all parties.

20                                **XIV**

21           **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

22      By signing this agreement, Defendant certifies that Defendant has
23 read it (or that it has been read to Defendant in Defendant's native
24 language). Defendant has discussed the terms of this agreement with
25 defense counsel and fully understands its meaning and effect.

26 //

27 //

28

                           19           Def. Initials

                                         22CR1241-RSH

XV

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

TARA K. McGRATH
United States Attorney

_____
DATED 10/18/2024

_____
A. DALE BLANKENSHIP
JONATHAN I. SHAPYRO
Assistant U.S. Attorneys

_____
DATED 10-18-24

_____
ISAAC BLUMBERG, ESQ.
MATTHEW C. BINNINGER, ESQ.
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

_____
DATED 10-18-24

_____
SEAN MICHAEL TRIPPE
Defendant

Def. Initials
22CR1241-RSH