ADAM GORDON
United States Attorney
A. DALE BLANKENSHIP
JONATHAN I. SHAPIRO
Assistant United States Attorneys
California Bar Nos. 235960/268954
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-6705/8225
Email: dale.blankenship@usdoj.gov
Email: jonathan.shapiro@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 22-CR-1241-RSH |
|---|---|
| Plaintiff, | |
| v. | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE** |
| MICHAEL SEAN TRIPPE (1), aka "Thumper," | |
| Defendant. | |

COMES NOW the United States, by and through its counsel, Adam Gordon, United States Attorney, and A. Dale Blankenship and Jonathan I. Shapiro, Assistant U.S. Attorneys, and hereby files its Response in Opposition to Defendant Michael Trippe's Motion for Downward Departure.

**A.   Defendant's Criminal History Category as Calculated by the Probation Department Fairly and Accurately Reflects the Nature of His Record**

Defendant's motion focuses solely on his 1998 conviction for vehicle theft for which he was sentenced to 8 years in prison. [PSR ¶ 67.] Defendant acknowledges that this conviction "technically qualifies for inclusion" in the calculation of his criminal

history category but argues that the conviction occurred over 25 years ago and therefore is not relevant. The reason the 1998 conviction scores, however, is the offense was so serious that Defendant received an 8-year sentence and therefore did not discharge that sentence until at least August 2006, that is, around 14 years before Defendant committed the instant offense in December 2020. See U.S.S.G. § 4A1.2(e)(1) (A sentence exceeding one year and one month is counted so long as defendant was incarcerated for that offense within fifteen years of the instant offense.)

One of the reasons the sentencing court deemed the 1998 car theft to be serious, presumably, was the fact that it was Defendant's seventh felony and his third felony related to car theft. Defendant's earlier six felony convictions do not contribute to his current criminal history score but nevertheless involved serious offenses, including a 1987 conviction for possession of stolen access devices (30 months in custody), 1990 conviction for unlawful driving or taking of a vehicle (4 years in custody), 1992 conviction for assault with deadly weapon by prisoner (2 years in custody), and 1996 conviction for receiving stolen property (32 months in prison).

Moreover, the lengthy sentence Defendant received for the 1998 car theft reflects the egregious nature of the offense. During the commission of that offense, Defendant engaged in high-speed flight that involved reckless driving in a residential neighborhood. During his flight from law enforcement, Defendant forcibly removed a window screen and climbed into a sleeping woman's home and thereafter instructed the woman to be quiet and fabricated a story that he was fleeing somebody who was trying to kill him. [PSR ¶ 67.]

U.S.S.G. § 4A1.3(b)(1) provides the standard for a downward departure where "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." Here, the reliable information suggests that Defendant's criminal history category (CHC IV) *underrepresents* his criminal history. As noted, Defendant was convicted of 6 felonies before the 1998

conviction that he argues results in overrepresentation. Because of their age, none of those 6 convictions results in criminal history points. Given the length and seriousness of Defendant's criminal history, the Court should reject Defendant's argument that the seriousness of Defendant's criminal history is overrepresented by a CHC IV. Nor does the reliable information overrepresent the likelihood that Defendant will re-offend. Defendant has been committing crimes his entire adult life. Specifically, Defendant committed felonies at 18, 21 (three separate felonies), 23, 27, 30, 32, 45, and 52 (the instant offense). Committing crimes is a consistent feature of all stages of Defendant's life.

**B.      The Themes of Defendant's Criminality**

Defendant argues that the Court should disregard the three criminal history points he earned due to his 1998 car theft conviction because that conviction is "thematically" different from the instant VICAR offense during which Defendant stabbed his victim. Defendant relies on United States v. Chavez-Botello, 905 F.2d 279, 281 (1990). In that case, the Ninth Circuit upheld the district court's *upward* departure under § 4A1.3(a), noting approvingly that "the Fifth Circuit held that the similarity between two offenses provides a reason to enhance a criminal sentence under § 4A1.3." Id. Defendant cites no case that suggests that similarity between offenses is required to include a conviction in a defendant's criminal history category. Indeed, it makes no sense that a defendant should be able to escape his criminal history because his new crime is more serious and different than his earlier crimes.

///
///
///
///
///
///
///

Defendant's criminal history is long and varied. He has committed violent crimes, property crimes, and a drug crime. Many of his crimes don't result in criminal history points. Defendant has earned his placement in Criminal History Category IV, and his motion for a downward departure should be denied.

DATED: July 3, 2025

Respectfully submitted,
ADAM GORDON
Acting United States Attorney

*/s/ A. Dale Blankenship*
*/s/ Jonathan I. Shapiro*
A. DALE BLANKENSHIP
JONATHAN I. SHAPIRO
Assistant United States Attorneys